RECEIPT NUMBER
200523302

20
Attach A-B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALFRED O'NEAL and DEBBIE O'NEAL,
Husband and wife,

        Plaintiffs,

v.

C.R. BARD, INC., a New Jersey
Corporation, and BARD ACCESS SYSTEMS, INC.,
a Utah Corporation, jointly and severally,

        Defendants.

State Court Case No. 05-55547 NP
JUDGE : Lawson, David M.
DECK : Bay City Civ Deck
DATE : 03/29/2005 @ 15:50:27
CASE NUMBER : 1:05CV10095
REM O'NEAL ET AL V. C.R. BARD
INC ET AL (DA)

MAGISTRATE JUDGE BINDER

| | |
|---|---|
| KEVIN J. RIEMAN (P45548)<br>Kennedy, Gill, Gruber, Rieman & Reyes<br>Attorneys for Plaintiff<br>817 Washington Avenue, P.O. Box 855<br>Bay City, MI 48707-0855<br>989.892.3597/892-5331 (fax) | MARK F. MILLER (P36404)<br>DeNardis, McCandless & Miller<br>Attorneys for Defendants<br>70 Macomb Place, Ste. 200<br>Mount Clemens, MI 48043<br>586.469.9191/69.9292 (fax) |

## NOTICE OF REMOVAL

Defendants Bard Access Systems, Inc., and C.R. Bard, Inc. (collectively referred to as "Defendants"), by and through counsel, hereby serve this Notice of Removal in this Action, to remove the above-captioned action from the Circuit Court for the County of Saginaw, Michigan, to this Court, pursuant to 28 U.S.C. §§1332 and 1441 et seq. based on the following:

    1.     Plaintiffs Alfred O'Neal and Debbie O'Neal filed a complaint in the Saginaw County Circuit Court against Defendants on or about February 25, 2005, which as assigned File No. 05-55547-NP (the "State Court Action"), seeking damages in excess of One Hundred

Thousand Dollars ($100,000.00) on claims of breach of warranty, breach of contract, negligence and product liability.

2. The Complaint and Summons were served upon Defendant Bard Access Systems, Inc. on February 28, 2005, and upon Defendant C.R. Bard, Inc. on March 7, 2005. True and accurate copies of the Complaint and Summonses are attached hereto as Exhibits "A".

3. Defendants have not filed any pleadings or papers in the State Court Action, and the time during which Defendants are required by 28 U.S.C. § 1446(b) to file this Notice of Removal has not yet expired.

4. Plaintiffs are Michigan residents, Defendant Bard Access Systems, Inc., is a Utah corporation with its principal place of business in Utah. Defendant C.R. Bard, Inc., is a New Jersey corporation with its principal place of business in New Jersey.

5. Removal of this Action is proper under 28 U.S.C. § 1441 *et seq.* because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) in that the State Court Action constitutes a civil action by and between citizens of different states and the amount in controversy is in excess of Seventy-five Thousand Dollars ($75,000.00).

6. Defendants have given written notice to Plaintiff's counsel of this Removal and will file a copy of this Notice with the Circuit Court for the County of Saginaw, Michigan in File No. 05-555-47-NP as required by 28 U.S.C. § 1446(b). A copy of the Notice filed with the Saginaw County Circuit Court is attached hereto as Exhibit "B".

Accordingly, Defendants remove this Action from the Circuit Court for the County of Saginaw, Michigan to this Honorable Court.

Respectfully submitted,

*/s/ Mark F. Miller*

Mark F. Miller, Esq.
DeNardis, McCandless & Miller, P.C.
70 Macomb Place, Suite 200
Mt. Clemens, MI 48043
Tel: (586) 469-9191
Attorneys for Defendants,
C.R. Bard, Inc., and
Bard Access Systems, Inc.

Of Counsel:

Joseph P. Thomas, Esq.
Jennifer Hageman, Esq.
Julie C. Smith, Esq.
ULMER & BERNE LLP
600 Vine Street – Suite 2800
Cincinnati, OH 45202
Tel: (513) 698-5000
Fax: (513) 698-5001
jthomas@ulmer.com
jhageman@ulmer.com
jsmith@ulmer.com



| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>10th JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | | **CASE NO.**<br>05- 55547 NP |

Court address: 111 S. Michigan Avenue, Saginaw, Michigan 48602

Court telephone no. 989-790-5470

**Plaintiff name(s), address(es), and telephone no(s).**
ALFRED O'NEAL and DEBBIE O'NEAL
husband and wife,

v

**Defendant name(s), address(es), and telephone no(s).**
C.R. BARD, INC., a New Jersey Corporation and BARD ACCESS SYSTEMS, INC., a Utah Corporation, jointy & severally
SERVE:
Corporate Officer, C.R. BARD, Inc.
730 Central Avenue, Murray Hill, New Jersey 07974

CT Corporation System, Resident Agent of Bard Access Sys
50 West Broadway, 8th Floor, Salt Lake City, UT 84119

Bard Access Systems, Inc. Attn: Field Assurance Dept.
5425 West Amelia Earhart Drive, Salt Lake City, UT 84116

**Plaintiff attorney, bar no., address, and telephone no.**
KENNEDY GILL GRUBER RIEMAN & REYES
By: Kevin J. Rieman (P45548)
Attorneys for Plaintiff
817 Washington Avenue, P.O. Box 855
Bay City, MI 48707-0855
989-892-3597

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued FEB 25 2005 | This summons expires MAY 28 2005 | Court clerk [signature] |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint/
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| SAGINAW COUNTY, MICHIGAN | STATE OF UTAH AND STATE OF NEW JERSEY |
| Place where action arose or business conducted | |
| SAGINAW COUNTY, MICHIGAN | |

February 25, 2005
Date

Signature of attorney/plaintiff KEVIN J. RIEMAN    P45548

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/04) SUMMONS AND COMPLAINT    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ | Signature _____ |
|---|---|---|---|---|

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

## STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

ALFRED O'NEAL and DEBBIE O'NEAL,
husband and wife,

    Plaintiffs,

v.

C.R. BARD, INC., A New Jersey
Corporation and BARD ACCESS SYSTEMS, INC.,
A Utah Corporation, jointly and severally,

    Defendants.
_____/
KENNEDY, GILL, GRUBER, RIEMAN & REYES
By: Kevin J. Rieman (P45548)
Attorneys for Plaintiff
817 Washington Avenue, P.O. Box 855
Bay City, MI 48707-0855
989-892-3597/892-5331 (fax)
_____/

File No. 05- 55547 -NP
Hon. Leopold P. Borrello
(P11023)



A TRUE COPY
Susan Kaltenbach, Clerk

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

### COMPLAINT

NOW COME Plaintiffs, Alfred O'Neal and Debbie O'Neal, by and through their attorneys, Kennedy, Gill, Gruber, Rieman & Reyes, by Kevin J. Rieman and by way of Complaint inform the Court as follows:



KENNEDY, GILL,
GRUBER, WALLEN,
RIEMAN & REYES

ATTORNEYS AT LAW
17 WASHINGTON AVE
P.O. BOX 855
BAY CITY, MI 48707-0855
(989) 892-3597
FAX (989) 892-5331

## General Allegations

1. The Plaintiffs Alfred O'Neal and Debbie O'Neal are husband and wife and were at all times relevant residents of the County of Saginaw, State of Michigan.

2. Defendant Bard Access Systems, Inc., (hereinafter Defendant Bard), is a Utah Corporation which does business in the state of Michigan including the sale of medical devices and catheters it manufacturers and is a division or subsidiary of C.R. Bard, Inc. a New Jersey Corporation, which does business in the state of Michigan.

3. The incident giving rise to the allegations contained within this Complaint occurred within the County of Saginaw, State of Michigan.

4. The amount in controversy exceeds the $25,000.00 jurisdictional minimum for actions to be brought and maintained in this Court.

5. Defendants developed and/or designed and/or manufactured and sold an Opti-Flow Chronic Dual Lumen Hemodialysis Catheter to Covenant Medical Center and others in Michigan, or placed into the stream of commerce for sale in Michigan for use in patients having medical procedures done at that facility including Plaintiff Alfred O'Neal.

6. On or about January 26, 2001 Plaintiff was a patient at Covenant Medical Center and a catheter manufactured, designed, developed and/or sold by Defendants as above-described was inserted into Plaintiff Alfred O'Neal's chest for the purpose of facilitating dialysis.

7. On or about February 26, 2002, Plaintiff Alfred O'Neal underwent a medical surgical procedure to remove the catheter at Covenant Healthcare, within the County of Saginaw, State of Michigan.

8. Upon attempted removal of the catheter a portion of the catheter was found to have fractured and remained implanted in or near Plaintiff Alfred O'Neal's right lower lung field in or near the heart, within the fourth ordered descending branch of the right pulmonary artery posteriorly.

9. Subsequently, on or about March 21, 2002, Plaintiff Alfred O'Neal was required to undergo another medical procedure, a right pulmonary arteriography and attempted retrieval of the catheter tip which proved unsuccessful.



KENNEDY, GILL,
GRUBER, WALLEN,
RIEMAN & REYES

ATTORNEYS AT LAW
817 WASHINGTON AVE
PO BOX 855
BAY CITY, MI 48707-0855
(989) 892-3597
FAX (989) 892-5331

10. Upon information and belief, the Defendants assigned the particular catheter which failed as above-described with a product name of Opti-Flow Dialysis Catheter, product code 5633732, which was part of a lot number specific recall action of the product description, Opti-Flow Chronic Dual Lumen Hemodialysis Catheter involving tip separation failure as referenced in the Urgent Product Recall Notice attached to this Complaint as **Exhibit A**.

11. As a direct and proximate result of the failure of the catheter manufactured and sold by Defendants, Plaintiffs suffered the injuries and damages more fully set forth below.

### Count I- Defendants' Breach of Warranty, Express or Implied and Breach of Contract

Plaintiffs reallege and reaver word for word, paragraph for paragraph each and every allegation contained in paragraphs 1 through 11 above as if the same were incorporated herein, and by way of further complaint inform the court as follows:

12. The Defendants operating pursuant to a common plan, concert of action or agreement designed, produced, manufactured and/or assembled the above-referenced hemodialysis catheter and its components for sale into the stream of commerce and offered for sale and sold to Covenant Healthcare in Saginaw, Michigan, amongst other Michigan businesses and or consumers.

13. The Defendants did expressly and/or impliedly warrant or represent that the particular hemodialysis catheter referenced above was reasonably suitable, fit and safe for its anticipated, intended or reasonably foreseeable use.

14. That Defendants breached their express and/or implied warranties referenced above in that the device was defective and not reasonably suitable, fit or safe in the following ways and/or for the following reasons:

   a. The tip of the catheter fractured, broke away and became lodged and retained in or near Plaintiff Alfred O'Neal's right lower lung field within or near the fourth order descending branch of the right pulmonary artery posteriorly.



KENNEDY, GILL,
GRUBER, WALLEN,
RIEMAN & REYES

ATTORNEYS AT LAW
117 WASHINGTON AVE
P.O. BOX 855
BAY CITY, MI 48707-0855
(989) 892-3597
FAX (989) 892-5331

b. The hemodialysis catheter fractured with a fragment separating upon attempted removal and lodging in Plaintiff Alfred O'Neal's chest.

c. The hemodialysis catheter referenced above failed to perform as intended to permit appropriate implantation for use in dialysis and safe and complete removal.

d. The design, manufacture and/or production by Defendants of the involved hemodialysis catheter was done in such a way as to permit the tip to fracture and become implanted in Plaintiff's chest as above-described upon attempted removal or retrieval of the catheter.

e. Defendants manufactured, designed, assembled and/or produced and sold the hemodialysis catheter with a defective tip or tip assembly.

f. Defendants employed a manufacturing process and/or assembly and tip design which would break down and expose consumer to harm in the use or attempted removal of the hemodialysis catheter referenced above.

g. Defendants manufactured and/or sold in the State of Michigan a hemodialysis catheter which did not meet applicable standards in the industry and/or State and Federal regulations and which was defective and not fit for the intended use.

h. Defendants designed, manufactured and/or sold in the State of Michigan a particular hemodialysis catheter used on Plaintiff Alfred O'Neal which they knew or should have known would experience tip separation failure exposing foreseeable users to injury and without adequate warning.

i. Defendants manufactured and/or sold to Covenant Healthcare of Saginaw, Michigan or placed into the stream of commerce for sale in Michigan a hemodialysis catheter which they represented could be used for Plaintiff's dialysis therapy and treatment which could not be safely used for that purpose and which they knew or should have known would fail in the manner described above, such that the conduct of Defendants was willful and/or grossly negligent.



KENNEDY, GILL,
GRUBER, WALLEN,
RIEMAN & REYES

ATTORNEYS AT LAW
17 WASHINGTON AVE
P.O. BOX 855
BAY CITY, MI 48707-0855
(989) 892-3597
FAX (989) 892-5331

j. The above-referenced product was defective and not reasonably suitable and fit for the use intended in that it was not provided with adequate warnings concerning failure of the tip separation, which would expose foreseeable users to the danger of disastrous injury.

k. The hemodialysis catheter as above-described, manufactured, assembled, produced, sold and/or supplied by the Defendants was defective and not reasonably fit for the anticipated, intended or reasonably foreseeable use and as such renders the Defendants strictly liable to the Plaintiffs for the injuries occasioned by the defective device.

15. As a direct and proximate result of Defendants' breach of their express and/or implied warranties above-referenced and/or willfulness and/or gross negligence, Plaintiffs suffered injuries or damages as more fully set forth in the Damages section below.

### Count II- Defendants' Negligence and/or Gross Negligence

Plaintiffs reallege and reaver word for word, paragraph for paragraph each and every allegation contained in paragraphs 1 through 15 above as if the same were incorporated herein, and by way of further complaint inform the court as follows:

16. Defendants were negligent and did breach their express and/or implied warranties to Plaintiffs in that knowing, or having had reason to know before, at the time of, and/or after sale of the above-referenced hemodialysis catheter of defects and/or potential failures and failing to timely or properly and adequately notify Plaintiffs of the failure and defects.

17. That the Defendants were negligent and/or grossly negligent in their design, manufacture, assembly and engineering of the above-referenced device in that they knew or should have know that the failure of the device was foreseeable and that the results to an unsuspecting user would be disastrous and nevertheless persisted in the manufacture and sale to foreseeable users, such conduct evidencing recklessness, indifference to harm and/or gross negligence.



KENNEDY, GILL,
GRUBER, WALLEN,
RIEMAN & REYES

ATTORNEYS AT LAW

317 WASHINGTON AVE
PO BOX 855
BAY CITY MI 48707-0855
(989) 892-3597
FAX (989) 892-5331

18. That the Defendants were negligent and/or grossly negligent in that they represented that their product could be safely used in foreseeable users to facilitate dialysis when they knew or had reason to know that said representation was false and untrue and that foreseeable users could be injured in reliance upon their untrue representations.

19. That as a direct and proximate result of Defendants' negligence, gross negligence and/or deliberate indifference to harm, the Plaintiffs suffered injuries and damages more fully set forth in the Damages section below.

### Damages

Plaintiffs reallege and reaver word for word, paragraph for paragraph each and every allegation contained in paragraphs 1 through 19 above as if the same were incorporated herein, and by way of further complaint inform the court as follows:

### Damages to Plaintiff Alfred O'Neil

20. That as a proximate result of the Defendants' breach of warranty, express or implied, deliberate indifference to injury, negligence and/or gross negligence, Plaintiff Alfred O'Neal suffered the fractured tip of the catheter separating from the catheter and becoming implanted in his chest area as above-described, thereby suffering injuries and damages which also include, but are not limited to :

    a. significant chest pain;

    b. intermittent rapid regular palpations;

    c. was required to undergo numerous invasive, painful and inconvenient medical procedures including right pulmonary arteriography and attempted surgical retrieval of the foreign body fragment of the catheter tip, attempted retrieval of the catheter and subsequent placement of additional catheters;

    d. intermittent mid-sternal burning sensation;

    e. hospitalization;

    f.    great fear, anxiety and concern about the future and possible consequences of the tip being lodged in his chest and possible future movement of that tip, having serious consequences including fatal consequences;

    g.    infection and infectious process and treatment;

    h.    was required to be administered powerful medication including nitroglycerin and others;

    i.    conscious fright, terror and shock;

    j.    great worry, anxiety, concern and mental distress;

    k.    incurred and will incur considerable medical expense;

    l.    loss of recreational activities, social pleasures, quality of life and life's enjoyment;

21.    That Debbie O'Neal is the lawfully wedded wife of Alfred O'Neal and as a proximate result of the Defendants' breach of express and/or implied warranties, deliberate indifference to injury, negligence and/or gross negligence has suffered injuries and damages which include but are not limited to:

    a.    vicarious pain, suffering, mental anguish and distress associated with witnessing her husband's injury and injured condition;

    b.    great worry, anxiety and concern for her husband;

    c.    the loss of society and companionship of her husband;

    d.    loss of services of her husband;

    e.    loss of social pleasures, enjoyment and quality of life;

WHEREFORE, your Plaintiffs respectfully pray this Honorable Court will enter a verdict and Judgement for the Plaintiffs as against the Defendants in such an amount as the Court deems fair and just to properly compensate the Plaintiffs for the injuries so wrongfully suffered; said amount to be in excess of $100,000.00.



KENNEDY, GILL,
GRUBER, WALLEN,
RIEMAN & REYES

ATTORNEYS AT LAW

817 WASHINGTON AVE
P.O. BOX 855
BAY CITY, MI 48707-0855
(989) 892-3597
FAX (989) 892-5331

Dated: 2-25-05

Respectfully submitted,

KENNEDY, GILL, GRUBER, RIEMAN & REYES

By: _____
Kevin J. Rieman (P45548)
Attorneys for Plaintiffs

KENNEDY, GILL,
GRUBER, WALLEN,
RIEMAN & REYES

ATTORNEYS AT LAW

817 WASHINGTON AVE
PO BOX 855
BAY CITY, MI 48707-0855
(989) 892-3597
FAX (989) 892-5331

## JURY DEMAND

NOW COME Plaintiffs, Alfred O'Neal and Debbie O'Neal by and through their attorneys, Kennedy, Gill, Gruber, Rieman & Reyes, by Kevin J. Rieman and hereby demand a trial by jury in this matter.

Dated: 2-25-05

Respectfully submitted,

KENNEDY, GILL, GRUBER, RIEMAN & REYES

By: _____
Kevin J. Rieman (P45548)
Attorneys for Plaintiffs



KENNEDY, GILL,
GRUBER, WALLEN,
RIEMAN & REYES

Attorneys At Law

817 WASHINGTON AVE
PO BOX 855
BAY CITY, MI 48707-0855
(989) 892-3597
FAX (989) 892-5331



STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

ALFRED O'NEAL and DEBBIE O'NEAL,
Husband and wife,

        Plaintiffs,

v.

C.R. BARD, INC., a New Jersey
Corporation, and BARD ACCESS SYSTEMS, INC.,
a Utah Corporation, jointly and severally,

        Defendants.

State Court Case No. 05-55547 NP
USDC Case No.

_____/

| KEVIN J. RIEMAN (P45548) | MARK F. MILLER (P36404) |
|---|---|
| Kennedy, Gill, Gruber, Rieman & Reyes | DeNardis, McCandless & Miller |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 817 Washington Avenue, P.O. Box 855 | 70 Macomb Place, Ste. 200 |
| Bay City, MI 48707-0855 | Mount Clemens, MI 48043 |
| 989.892.3597/892-5331 (fax) | 586.469.9191/69.9292 (fax) |

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

Please take notice that pursuant to 28 USC § 1441, a Notice of Removal of the above-captioned matter from the Circuit Court for the County of Saginaw, Michigan to the United States District Court for the Eastern District of Michigan, Northern Division, was duly filed on behalf of Defendants C.R. Bard, Inc., and Bard Access Systems, Inc., on March 29, 2005, with the Clerk of the United State District Court for the Eastern District of Michigan, Northern Division. A copy of the Notice of Removal filed in federal court is attached to this Notice of Removal directed to State Court as Exhibit "A".

Please take further notice that this action is affected by the removal of the action to the United States District Court for the Eastern District of Michigan, Northern Division, and, in accordance with 28 USC § 1446(d), no further proceedings may be had in this action.

Respectfully submitted,

Mark F. Miller, Esq.
DeNardis, McCandless & Miller, P.C.
70 Macomb Place, Suite 200
Mt. Clemens, MI 48043
Tel: (586) 469-9191
Attorneys for Defendants,
C.R. Bard, Inc., and
Bard Access Systems, Inc.

Of Counsel:

Joseph P. Thomas, Esq.
Jennifer Hageman, Esq.
Julie C. Smith, Esq.
ULMER & BERNE LLP
600 Vine Street – Suite 2800
Cincinnati, OH 45202
Tel: (513) 698-5000
Fax: (513) 698-5001
jthomas@ulmer.com
jhageman@ulmer.com
jsmith@ulmer.com

COUNTY IN WHICH ACTION AROSE: Saginaw 26145

JS 44C
(Rev. 12/84)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alfred O'Neal and Debbie O'Neal,
Husband and Wife,

## DEFENDANTS
C.R. Bard, Inc., a New Jersey Corporation, and
Bard Access Systems, Inc., a Utah Corporation,
Jointly and Severally.

05-10095

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Saginaw
(EXCEPT IN U.S. PLAINTIFF CASES)
26145

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Union, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kevin J. Rieman P45548
817 Washington Avenue
Bay City, MI 48707-0855   989.892.3597

ATTORNEYS (IF KNOWN)
DAVID M. LAWSON
Lawson/Binder
Mark F. Miller MAGISTRATE JUDGE BINDER
70 Macomb Place, Suite 200
Mt. Clemens, MI 48043   586.469.9191

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|-----|-----|---|-----|-----|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C Sec. 1332(a)(c) and 1441

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

365

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| | | ☐ 385 Property Damage Product Liability | | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence 28 USC 2255 | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Accommodations | ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ In excess of $100,000

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASES(S) IF ANY
JUDGE _____   DOCKET NUMBER _____

DATE 3/29/05

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :